UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
:
In re: : Case No. 01-16034 (AJG)
: Jointly Administered
ENRON CORP., *et al.*, :
:
Debtors. :
:
---------------------------------------------------------- x
THE OFFICIAL COMMITTEE OF :
UNSECURED CREDITORS OF ENRON :
CORP., *et al.* on behalf of ENRON CORP., *et al.*, :
: Adversary Proceeding
Plaintiff, : No. 03-02075
:
-against- :
:
KENNETH L. LAY and LINDA P. LAY, :
:
Defendants. :
----------------------------------------------------------
JOHN HANCOCK LIFE INSURRANCE :
COMPANY (U.S.A.), :
:
Interpleader Plaintiff, :
:
-against- :
:
LINDA P. LAY, individually and as executrix of :
THE ESTATE OF KENNETH L. LAY; THE :
COMMISSIONER OF THE INTERNAL :
REVENUE SERVICE; and ENRON :
CREDITORS RECOVERY CORP., :
:
Interpleader Defendants. :
----------------------------------------------------------

## **ANSWER TO INTERPLEADER COMPLAINT**

Defendant the Internal Revenue Service ("IRS"), by its attorney Preet Bharara, United

States Attorney for the Southern District of New York, answers the interpleader complaint on

information and belief as follows:

1. Paragraph 1 of the interpleader complaint purports to describe this action, to which no response is required.

2. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the interpleader complaint.

3. The IRS admits that Linda P. Lay was formerly married to Kenneth L. Lay and that she was appointed as executrix of his estate. The IRS denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the interpleader complaint.

4. The IRS denies the allegations in paragraph 4 of the interpleader complaint, and states that the IRS is a bureau of the United States Department of Treasury.

5. Paragraph 5 of the interpleader complaint purports to contain legal conclusions, to which no response is required. To the extent a response is required, the IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the interpleader complaint.

6. Paragraph 6 of the interpleader complaint purports to contain legal conclusions concerning jurisdiction, to which no response is required.

7. Paragraph 7 of the interpleader complaint purports to contain legal conclusions concerning venue, to which no response is required.

8. Paragraph 8 of the interpleader complaint purports to contain legal conclusions concerning the legal basis of this action, to which no response is required.

9. The IRS admits the allegation in paragraph 9 of the interpleader complaint.

10. The IRS denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 10 of the interpleader complaint, and respectfully refers the Court to the annuities at issue for a complete and accurate description of their contents.

11. The IRS admits the allegation in paragraph 11 of the interpleader complaint.

12. The IRS admits the allegation in paragraph 12 of the interpleader complaint.

13. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the interpleader complaint.

14. The IRS admits the allegations in paragraph 14 of the interpleader complaint.

15. The IRS denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the interpleader complaint, except admits that the IRS received the joint tax return of Kenneth L. Lay and Linda P. Lay on October 16, 2002, and that the joint return contained a Schedule D. The IRS respectfully refers the Court to the Schedule D for a complete and accurate description of its contents.

16. The IRS admits the allegations in paragraph 16 of the interpleader complaint.

17. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the interpleader complaint, and respectfully refers the Court to the adversary proceeding referenced therein for a complete and accurate description of the allegations made by the Unsecured Creditors Committee.

18. The IRS admits the allegations in paragraph 18 of the interpleader complaint.

19. The IRS admits the allegations in paragraph 19 of the interpleader complaint.

20. The IRS admits the allegations in paragraph 20 of the interpleader complaint.

21. The IRS admits the allegations in paragraph 21 of the interpleader complaint.

22. The IRS denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 22 of the interpleader complaint.

23. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the interpleader complaint.

24. The IRS admits that it issued a notice of deficiency dated April 2, 2009, in the amount of $3,910,000.00, and respectfully refers the Court to the notice of deficiency for a complete and accurate description of its contents.

25. The IRS admits that Linda Lay, through counsel, filed a petition in United States Tax Court on June 29, 2009, and that the petition was assigned docket number 15732-09. The IRS respectfully refers the Court to the petition for a complete and accurate description of its contents.

26. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the interpleader complaint.

27. The IRS admits that communications have taken place between IRS counsel and counsel for the Unsecured Creditors Committee, but denies that paragraph 27 of the interpleader complaint contains an accurate description of the communications.

28. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the interpleader complaint.

29. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the interpleader complaint.

**FIRST CLAIM FOR RELIEF**

30. The IRS incorporates its responses to paragraphs 1 through 29 as if fully set forth herein.

31. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the interpleader complaint.

32. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the interpleader complaint regarding the claims of Linda Lay and the Unsecured Creditors Committee, and denies that paragraph 32 of the interpleader complaint contains an accurate description of the IRS's position.

33. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the interpleader complaint.

34. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the interpleader complaint.

35. The IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the interpleader complaint.

## SECOND CLAIM FOR RELIEF

36. The IRS incorporates its responses to paragraphs 1 through 35 as if fully set forth herein.

37. Paragraph 37 of the interpleader complaint purports to contain legal conclusions, to which no response is required. To the extent a response is required, the IRS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the interpleader complaint.

The remainder of the interpleader complaint contains the interpleader plaintiff's prayer for relief, to which no response is required.

Dated: New York, New York
       March 1, 2011

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York

                                    By: /s/ David Bober
                                        DAVID BOBER
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, NY  10007
                                        (212) 637-2718
                                        david.bober@usdoj.gov